IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 14 CR 366 |
| V. | ) | Judge Virginia M. Kendall |
| | ) | |
| BRIAN THURMAN, | ) | |
| Defendant. | ) | |

*DEFENDANT BRIAN THURMAN'S MOTION TO SUPPRESS STATEMENTS*

Defendant BRIAN THURMAN, through counsel, pursuant to the Fifth and Sixth Amendments to the United States Constitution, *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), and their progeny, respectfully requests that this Honorable Court enter an Order suppressing the statement that agents claim Mr. Thurman made, after refusing to waive his Fifth and Sixth Amendment rights, and invoking his right to counsel. In support of this Motion, Mr. Thurman, through counsel, states the following:

(1)  Mr. Thurman was taken into custody, under arrest, in the evening of September 23, 2013.

(2)  In the early morning of September 24, 2013, law enforcement agents provided Mr. Thurman with an ATF Advice of Rights and Waiver Form.

(3)  Mr. Thurman elected to exercise his rights under the Fifth and Sixth Amendment. He refused to sign the waiver of rights. *See,* Exhibit 1, Advice of

1

Rights and Waiver.

(4)     In a report dated October 16, 2013, ATF Agent Labno alleges that on September 24, 2013, despite refusing to sign the waiver of rights form, Mr. Thurman agreed to speak with the agents, answer their questions, and that Mr. Thurman also agreed to the search of his cell phone.

(5)     Mr. Thurman disagrees with each of these contentions and maintains that he refused to waive his rights and that he did not agree to provide any information to agents without an attorney present, invoking his Sixth Amendment right to counsel.  *See,* Exhibit 2, Affidavit.

(6)     On September 24, 2013, Mr. Thurman was released from custody without having been charged.

(7)     Upon release, Mr. Thurman sought counsel from Ms. Donna Rotunno.

(8)     Attorney Rotunno contacted Agent Labno and told him that her client declined to meet with him and answer his questions.

(9)     Mr. Thurman was not charged with any crime until June 20, 2014, when a criminal complaint was sworn and filed in this matter.

(10)    After Mr. Thurman refused to waive his rights to silence and to counsel, and invoked his right to counsel, agents were under an obligation to cease the interview and respect the invocation of those rights. According to and *Edwards v. Arizona,* 451 U.S. 477, 484-5 (1981), once the defendant invoked his right to counsel, he was "not subject to further interrogation by the authorities until counsel ha[d] been made available to him, unless [he] initiate[d] further communication, exchanges, or

2

conversations with the police." The Supreme Court also held that a valid waiver of the right to counsel "cannot be established by showing only that [the defendant] responded to further police-initiated custodial interrogation even if he has been advised of his rights." *Id.*

(11) The government bears the burden of showing by a preponderance of the evidence that Mr. Thurman waived his rights to silence and to counsel, and that any communication that occurred after Mr. Thurman refused to waive his *Miranda* rights and invoked his right to counsel, was initiated by Mr. Thurman and not by law enforcement. *See, e.g., Edwards v. Arizona,* 451 U.S. at 484 (holding that once a defendant invokes his right to counsel, the showing of waiver must include that the defendant initiated further communication with the police); *United States v. Stewart,* 536 F.3d 714, 719 (7th Cir.2008) (noting that the government bears the burden of demonstrating the admissibility of a confession, including proving the defendant's *Miranda* waiver by a preponderance of the evidence); *Moore v. Berghuis,* 700 F.3d 882, 888–89 (6th Cir.2012) (finding that the government did not show by a preponderance of the evidence that the defendant initiated further conversation with law enforcement after invoking his right to counsel). *See also, United States v. Gallardo Flores*, No. 13 CR 660, 2014 WL 5391602, at *4 (N.D. Ill. Oct. 21, 2014) *reconsideration denied sub nom. United States v. Gallardo (Flores)*, No. 13 CR 660, 2015 WL 278908 (N.D. Ill. Jan. 21, 2015).

WHEREFORE, defendant BRIAN THURMAN, through counsel, respectfully requests that this Court enter an Order suppressing the statements allegedly made

3

by Mr. Thurman, because any alleged statements were made in violation of Mr. Thurman's expressed rights to remain silent and his refusal to waive his right to have an attorney present while being questioned, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

In the alternative, Mr. Thurman requests a hearing to determine whether the alleged statements were made in violation of Mr. Thurman's right to remain silent and his right to have an attorney present during questioning.

DATE:     March 16, 2015          Respectfully submitted,

                                  By:   s/Andréa E. Gambino
                                        Attorney for Brian Thurman

Law Offices of Andréa E. Gambino
53 W. Jackson Blvd., Suite 224
Chicago, Illinois  60604
(312) 322-0014
agambinolaw@gmail.com

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 16, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Kate Zell, Esq.
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604

and I hereby certify that I have mailed by United State Postal Service or hand delivered the document to the following non-CM/ECF participants: N/A.

DATE:	March 16, 2015		Respectfully submitted,

				By:	s/Andréa E. Gambino
					Attorney for Brian Thurman

Law Offices of Andréa E. Gambino
53 W. Jackson Blvd., Suite 224
Chicago, Illinois 60604
(312)322-0014